IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIRST MERCURY INSURANCE COMPANY,

    Plaintiff,

Vs.

CINCINNATI INSURANCE COMPANY and

BINGHAM CONSTRUCTION INC.,

    Defendants.

## **COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, First Mercury Insurance Co. ("First Mercury"), through its counsel of record, Madison & Mroz, P.A., for its complaint for declaratory judgment, states as follows:

1. First Mercury is an Illinois corporation with its principal place of business in Illinois.

2. Defendant Cincinnati Insurance Co. ("Cincinnati") is, upon information and belief, an Ohio corporation with its principal place of business in Ohio.

3. Defendant Bingham Construction Inc. ("Bingham") is a Texas corporation with its principal place of business in Texas.

4. Complete diversity exists between the plaintiff and defendants.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Court has personal jurisdiction over all parties.

7. The Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. section 1332.

8. An actual controversy exists among these parties. Pursuant to 28 U.S.C. section 2201, the Court should exercise its jurisdiction to declare the rights and other legal relations of the parties.

9. First Mercury issued policy no. IL-CGL-0000003261-01 to High Desert Roofing, Inc. ("High Desert").

10. Upon information and belief, Cincinnati issued a policy of general liability insurance to Bingham.

11. Bingham entered into a contract with High Desert that states, in relevant part:

> The [High Desert commercial general liability policy] shall be endorsed to add [Bingham], the Owner, and their parent companies, subsidiaries and affiliated companies as additional insureds on a primary and non-contributory basis . . . . The Additional Insured endorsement on [High Desert's] General Liability policy shall include coverage for 'products and completed operations' of the Additional Insureds ([Bingham], the Owner and their parent companies and subsidiaries and affiliated companies).
> . . .
> [HIGH DESERT] SHALL ALSO DEFEND, INDEMNIFY AND HOLD HARMLESS [BINGHAM] OWNER AND [BINGHAM'S] OTHER INDEMNITEES . . . (HEREINAFTER COLLECTIVELY REFERRED TO AS "INDEMNIFIED PARTIES") FROM AND AGAINST ANY ALL [sic] CLAIMS , CAUSES OF ACTION (INCLUDING STRICT LIABILITY),  LAWSUITS, JUDGMENTS, AND LIABILITY OF EVERY KIND, INCLUDING ALL EXPENSES OF LITIGATION, COURT COSTS AND ATTORNEY'S FEES, FOR INJURY TO OR DEATH OF ANY PERSON (INCLUDING WITHOUT LIMITATION [HIGH DESERT'S] EMPLOYEES), AND FOR DAMAGES TO ANY PROPERTY, ARISING OUT OF, RELATING TO OR IN CONNECTION WITH THE OPERATIONS, PERFORMANCE, OR ACTS OR OMISSIONS OF [HIGH DESERT] (INCLUDING ALL EMPLOYEES, SUBSUBCONTRACTORS, SUPPLIERS AND OTHERS FOR WHOM SUBCONTRACTOR IS RESPONSIBLE), OR THE WORK PERFORMED OR TO BE PERFORMED BY [HIGH DESERT]. [HIGH DESERT'S] ABOVE STATED DUTY TO INDEMNIFY EXTENDS TO CLAIMS CAUSED BY OR ALLEGED TO BE CAUSED, IN WHOLE OR IN PART, BY THE NEGLIGENCE OF AN INDEMNIFIED PARTY. "

12. On September 4, 2012, Bingham was acting as general contractor on a construction project in Farmington, New Mexico.  High Desert was acting as a roofing sub-contractor on the same project.

13. A High Desert employee, Jose Corona-Pulido, fell through the roof of the building to his death.

14. The Pulido Estate has brought a claim for wrongful death against Bingham in the First Judicial District Court of the State of New Mexico.

15. Bingham has requested that First Mercury defend and indemnify it, as an additional insured, under High Desert's policy.  First Mercury is providing a defense to Bingham under a reservation of rights.

## Count I – Declaratory Judgment Regarding NMSA, Section 56-7-1.

16. First Mercury incorporates by reference the allegations of paragraphs 1 through 15.

17. At the time the contract between Bingham and High Desert was signed and performed, there was in effect in the State of New Mexico a statute, NMSA, section 56-7-1, which states, in pertinent part:

> A provision in a construction contract that requires one party to the contract to indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents, against liability, claims, damages, losses or expenses, including attorney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or part, the negligence, act or omission of the indemnitee, its officers, employees or agents, is void, unenforceable and against the public policy of the state.
> . . .
> As used in this section, "construction contract" means a public, private, foreign or domestic contract or agreement relating to construction, alteration, repair or maintenance of any real property in New Mexico and includes agreements for architectural services, demolition, design services, development, engineering services, excavation or other improvement to real property, including buildings, shafts, wells and structures, whether on, above or under real property.

As used in this section, "indemnify" or "hold harmless" includes any requirement to name the indemnified party as an additional insured in the indemnitor's insurance coverage for the purpose of providing indemnification for any liability not otherwise allowed in this section.

18. High Desert's agreement to defend and indemnify Bingham is void, unenforceable and against the public policy of New Mexico.

19. High Desert's agreement to name Bingham as an additional insured on the First Mercury policy is void, unenforceable and against the public policy of New Mexico.

20. Because the contract obligating High Desert to name Bingham as an additional insured on the First Mercury policy is void, unenforceable and against the public policy of New Mexico, First Mercury has no duty to defend or indemnify Bingham.

## Count II – Declaratory Judgment Regarding Policy Language

21. First Mercury incorporates by reference the allegations of paragraphs 1 – 20.

22. The First Mercury policy provides limited coverage for an additional insured. An endorsement bearing the title "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION" states, in pertinent part:

    Section II – Who is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury". . . caused, in whole or part, by:
    1. [High Desert's] acts or omissions; or
    2. The acts or omissions of those acting on [High Desert's] behalf;

    In the performance of [High Desert's] ongoing operations for the additional insured(s) at the location(s) designated above.

23. If Bingham is an additional insured on the First Mercury policy, which is specifically denied, Bingham's liability, if any, is not for bodily injury caused by the acts or omissions of High Desert or anyone acting on High Desert's behalf.

4

24. First Mercury has no duty to defend or indemnify Bingham, regardless of whether Bingham is an additional insured on the First Mercury policy.

### Count III – Declaratory Judgment as to Cincinnati's Obligations

25. First Mercury incorporates by reference the allegations of paragraphs 1 through 24.

26. Upon information and belief, Cincinnati has a duty to defend and indemnify Bingham.

27. If First Mercury has a duty to defend or indemnify Bingham, which is specifically denied, Cincinnati has also has duties to defend and indemnify Bingham.

28. The Court should declare the appropriate sharing formula for defense and indemnity obligations if both carriers have those obligations. Upon information and belief, Cincinnati's proportionate share is 83.3% and First Mercury's is 16.7%.

WHEREFORE, First Mercury requests the following relief:

a. That the Court declare that the contract between Bingham and High Desert is null, void, unenforceable and against the public policy of New Mexico, to the extent it purports to obligate High Desert to defend, indemnify or insure Bingham;

b. That the Court declare that Bingham is not an additional insured on First Mercury's policy, with respect to the Pulido claim;

c. That the Court declare that the First Mercury policy does not cover the Pulido claim, regardless of whether Bingham is an additional insured under that policy;

d. That the Court declare that First Mercury has no duty to continue defending Bingham;

e. That the Court declare that Cincinnati has a duty to defend and indemnify Bingham;

f. That the Court apportion defense and indemnity obligations between Cincinnati and First Mercury in the event it finds that First Mercury has any such duties;

g. That the Court award First Mercury its costs and attorneys' fees incurred in this matter; and

h. That the Court award such other and further relief to First Mercury as it deems appropriate.

Respectfully submitted,

MADISON & MROZ, P.A.

By: /s/Gregory D. Steinman Gregory D. Steinman
1400201 3rd St. NW, Suite 1600
Albuquerque, NM  87102
(505) 242-2177
(505) 242-7184 (fax)
Gds@madisonlaw.com
*Attorney for Plaintiff*
*First Mercury Insurance Company*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 19th day of November, 2014, we filed the foregoing pleading electronically through the CM/ECF system, causing all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

/s/Gregory D. Steinman
MADISON & MROZ, P.A.