IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIRST MERCURY INSURANCE COMPANY,

   Plaintiff/Counter Defendant,

v.                                                    No. CIV-14-1052 WJ/LAM

CINCINNATI INSURANCE COMPANY,

   Defendant/Counter Plaintiff.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on Plaintiff *First Mercury Insurance Co.'s Motion for Protective Order (Doc. 40)*, filed April 28, 2016. [*Doc. 40*]. Cincinnati Insurance Company ("Defendant") filed a response to the motion on May 17, 2016. [*Doc. 43*]. Having considered the motion, response, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

In its motion, Plaintiff states that Defendant set a deposition pursuant to Fed. R. Civ. P. 30(b)(6) for May 3, 2016, in Albuquerque, New Mexico. [*Doc. 40* at 1]. Plaintiff states that "[t]he representative [Plaintiff] intends to produce resides and offices in or near Detroit, Michigan," and that "[r]equiring the witness to travel to New Mexico for deposition is unduly burdensome." *Id*. Plaintiff filed a Notice of Non-Appearance at the same time it filed its motion for a protective order. [*Doc. 39*].

In its response, Defendant contends that Plaintiff has failed to provide good cause for issuance of a protective order. [*Doc. 43*]. Defendant states that, while there would be some

travel expense involved for Plaintiff's witness to travel to Albuquerque for the deposition, Plaintiff's request to hold the deposition in Detroit "would merely shift that burden to [Defendant]." *Id.* at 3. Therefore, Defendant asks the Court to deny Plaintiff's motion for a protective order "and require Plaintiff to designate a representative or representatives who will attend the deposition in New Mexico." *Id.*

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." As the party seeking the protective order, Plaintiff has the burden to show good cause, which must be specific and not merely a conclusory statement. *See* 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.). In addition, "[t]he trial court has great discretion in establishing the time and place of a deposition." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (explaining that Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").

The Court here finds that Plaintiff has failed to set forth good cause for issuing a protective order as to the Rule 30(b)(6) deposition of its representative. Plaintiff provides no support for its conclusory statement that it would be a burden for its representative to travel to Albuquerque. Plaintiff also fails to explain why it would be less burdensome for counsel for both parties, who are located in Albuquerque, to travel to Detroit, rather than having Plaintiff's representative travel to Albuquerque. Moreover, because Plaintiff chose this judicial district as its litigation forum, Plaintiff should be prepared to litigate its case in this district. *See, e.g., Radian Asset Assur., Inc. v. College of Christian Bros. of New Mexico*, No. CIV 09-0885

JB/DJS, 2010 WL 5150718, *5 (D.N.M. Nov. 3, 2010) (unpublished) (ordering the corporate plaintiff to produce its officers, employees and agents for depositions in New Mexico "because [the plaintiff] chose the litigation forum," the Court "[found] it reasonable to require [the plaintiff] to produce its officers . . . in the forum for depositions," noting that the plaintiff had not shown good cause why the Court should order the depositions to be performed where the plaintiff's agents reside and work).  Finally, the Court notes that it is aware that Plaintiff has not yet filed a reply brief to its motion for a protective order.  The Court finds that such a brief is unnecessary because Plaintiff will not be permitted to provide the required support for a protective order in a reply brief to which Defendant cannot respond.  The Court further notes that the parties' deadline for pretrial motions is June 14, 2016, so the parties must complete this deposition as soon as possible so that they may comply with that deadline.  Therefore, the Court will deny Plaintiff's motion for a protective order and will order that the deposition of Plaintiff's 30(b)(6) witness be re-set in Albuquerque, New Mexico as soon as possible, and no later than **June 6, 2016**.

**IT IS THEREFORE ORDERED** that *First Mercury Insurance Co.'s Motion for Protective Order (Doc. 40)* is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall reset the deposition of Plaintiff's 30(b)(6) witness in Albuquerque, New Mexico as soon as possible, and no later than **June 6, 2016**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**